UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULES E. NGAMBO,<br>Petitioner,<br>-against-<br>THE STATE OF NEW YORK and TOWN OF YORKTOWN,<br>Respondents. | 26-CV-6060<br>ORDER |

JESSICA G. L. CLARKE, United States District Judge:

Petitioner Jules E. Ngambo, who is appearing *pro se*, seeks to remove his Westchester County criminal proceedings to this Court under 28 U.S.C. §§ 1443 and 1455. For the reasons set forth below, the Court remands the action to the Yorktown Town Court.

**BACKGROUND**

The following allegations are drawn from Petitioner's submission. ECF No. 1. On February 28, 2026, at 11:43 a.m., Petitioner was issued two traffic tickets by the Yorktown Police Department: one for speeding (ticket number: YK09LCPXX0) and another for improper/no signal (ticket number: YK09LCPZ61). *Id.* at 6–8. According to the tickets, Petitioner was driving 55 miles per hour down Stony Street near Granite Knowles Park, where the speed limit is 30 miles per hour. *Id.* at 7. After he was stopped, Petitioner told the ticketing officer: "I am not driving. I am traveling, which is my religion." *Id.*

On that basis, Petitioner has refused to pay the traffic tickets. *Id.* at 10–12. Instead, he "returned" the tickets alongside an explanation of why he was not subject to Respondents' authority. *Id.* at 35 ("I returned [the] ticket"); *see id.* at 14–28. Petitioner claims that he is not bound by the tickets because he is "a Minister of Christ." *Id.* ¶ 4. He says that when he was ticketed, he "was actively engaged in the free exercise of religion." *Id.* Accordingly, he argues,

neither the State of New York nor the Town of Yorktown possesses "jurisdiction to regulate [his] ministry or private travel." *Id.* ¶ 5.

After Petitioner failed to respond to the tickets, the Yorktown Town Court notified the Department of Motor Vehicles ("DMV"). *Id.* ¶ 7; *see id.* at 30–31. The DMV, in turn, sent Petitioner a Notice of Suspension, which informed him that he could "avoid the suspension of [his] driver license by responding to the court . . . at least seven days prior to the suspension date." *Id.* at 30–31. On June 29, 2026, seven days before his license was set to be suspended (on July 6), Petitioner appeared at the Yorktown Town Court. *Id.* He pled not guilty—but not before arguing that he was "not able to plea until [his] jurisdictional challenge is addressed." *Id.* at 33, 35–45. "[I]f you force me to plea," he told the clerk while recording their interaction, "you're going against the law." *Id.* at 35. When he checked the "not guilty" box on his plea form, Petitioner added that he was doing so "under duress." *Id.* at 33.

Petitioner continues to claim that he was "coerced" to enter the plea "under extreme duress and the direct threat of an administrative license suspension." *Id.* ¶ 8. He now asks this Court to stay the state court action and resolve the "jurisdictional and constitutional defects" of the state proceedings. *Id.* at 3.

## STANDARD OF REVIEW

To remove a state-court criminal action to a federal district court:

> [a] defendant . . . shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. § 1455(a).

A defendant removing a criminal action to a federal district court must file a notice of removal in the appropriate federal district court "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier." 28 U.S.C. § 1455(b)(1). The removing defendant has the burden of establishing that a case is within the federal district court's removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Somlyo v. J. Lu–Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991) ("[F]ederal courts construe the removal statute[s] narrowly, resolving any doubts against removability."). If it appears on the face of a notice of removal that removal of a criminal case is impermissible, the district court must summarily remand the action to state court. 28 U.S.C. § 1455(4).

Criminal cases may be removed to federal court in very limited circumstances. Those circumstances include a criminal prosecution commenced in state court against a federal officer "if it is 'for or relating to any act under color of [federal] office[.]'" *New York v. Trump*, 158 F.4th 458, 460 (2d Cir. 2025) (quoting 28 U.S.C. § 1442(a)(1)). Those circumstances also include state prosecutions of members of the armed services if they are prosecuted for actions taken under color of office. 28 U.S.C. § 1442(a). Criminal cases commenced in state court also may be removed if the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States." 28 U.S.C. § 1443(1); *see People of State of N.Y. v. Galamison*, 342 F.2d 255, 269 (2d Cir. 1965) (explaining that Section 1443 "applies only to rights that are granted in terms of equality and not the whole gamut of constitutional rights" (cited with approval by *State of Ga. v. Rachel*, 384 U.S. 780, 792 (1966))).

## DISCUSSION

As an initial matter, the Court grants Petitioner leave to proceed without prepayment of fees, that is, *in forma pauperis*. *See* 28 U.S.C. § 1915. However, Petitioner's notice of removal is improper.

Petitioner bases his effort to remove his state criminal proceedings "squarely" upon 28 U.S.C. § 1443(1). ECF No. 1 ¶ 2. He does not argue that he is a federal officer or a member of the armed forces. Rather, he contends that he "is being denied, and cannot enforce in the courts of the State of New York, fundamental inalienable rights protected by the Constitution for the United States, . . . specifically First Amendment protections of Religious Freedom and the fundamental Right to Travel." *Id.* Petitioner argues that because Respondents possess no "jurisdiction to regulate [his] ministry or private travel," the Yorktown Police Department was not authorized to issue him any traffic tickets—let alone the two tickets at issue. *Id.* ¶ 5.

But Petitioner is mistaken. The Yorktown Police Department is authorized to issue traffic tickets within the limits of the law—irrespective of whether a motorist believes that he is bound by that authority. *See Barton v. Clark*, No. 23-CV-5827 (LGS), 2023 WL 6929178, at *6 (S.D.N.Y. Oct. 19, 2023) (explaining that similar "theories have been consistently rejected by federal courts as legally frivolous"); *see also United States. v. Ulloa*, 511 F. App'x 105, 106 n.1 (2d Cir. 2013) (summary order). Relatedly, to the extent that Petitioner contends that he was issued a ticket *in retaliation* for exercising his religion, he has asserted no facts to support that conclusion. *See Bar-Levy v. Mitchell*, No. 22-CV-3408 (CS), 2022 WL 14746399, at *5 (S.D.N.Y. Oct. 25, 2022). "Moreover, nothing in Petitioner's submission suggests that he has been denied any right that 'arises under a federal law providing for specific civil rights stated in terms of racial equality.'" *Rogers v. Town of Poughkeepsie*, No. 26-CV-1847 (LLS), 2026 WL 1983556, at *3 (S.D.N.Y. June 8, 2026) (quoting *Johnson v. Mississippi*, 421 U.S. 213, 219

(1975)). Petitioner has therefore failed to satisfy his burden of demonstrating that removal under Section 1443(1) is proper.

Accordingly, the Court concludes that removal is not proper and remands the action to the Yorktown Town Court. *See* 28 U.S.C. § 1455(b)(4).

**CONCLUSION**

The Clerk of Court is directed mail a copy of this order to Petitioner and note service on the docket.

Because removal of this action is improper, it is remanded under 28 U.S.C. § 1455(4) to the Yorktown Town Court. The Clerk of Court is directed to send a copy of this order to that court and to close this action. All pending matters are terminated.

SO ORDERED.

Dated: August 12, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge